ABE BOYD, ET AL., *v.* C. H. ADAMS, ET AL.

**Guardian and Ward—Rent of Real Estate.**

When wards live with their mother it is legal for the guardian to permit the mother to rent out a building owned by the wards and apply the rents to the maintenance of the wards, and where she so applies the rents the wards cannot hold the guardian liable on account thereof.

APPEAL FROM McCRACKEN CIRCUIT COURT.

December 4, 1875.

OPINION BY JUDGE LINDSAY:

The proof is clear that the guardian authorized the brother of appellees to collect the rents that might accrue on their real estate,

and that she agreed to rent the same out, collect the rents, and apply them when collected to the support and maintenance of her children. The testimony does not show that the mother failed to keep her agreement, nor that she did not collect as much rent as it was possible to secure under the circumstances of the case; and it is certain the appellees continued to reside with her, and were supported, clothed and sent to school. As this agreement involved merely the expenditure of the income of the wards, the guardian had the right to make it. It met with the approval, and was made with the mother of those who now complain that it was improvident. Under such circumstances, it will require a very strong case, of abuse of discretion, of a useless expenditure of money, to authorize the court to hold the guardian and his sureties liable. *Bybee v. Thorp and Wife*, 4 B. Mon. 313.

The judgment of this court, heretofore rendered, requires the guardian to account for full four years rent, and allows him for no expenditures not actually made.

Petition *overruled*.

*L. D. Husbands, A. Duvall, for appellants.*
*J. W. Bloomfield, for appellees.*